A conditional writ of mandamus, was' awarded by the superior Court of Southampton, commanding the members of the county Court to admit James Millar to qualify to his commission, as sheriff of said county, or to show cause wherefore they refused to admit him. The return on the writ was in the following words; “We, Carr Bowers,’ Jeremiah Cobb, Benjamin Cobb, and Jones Jones, justices of the peace within mentioned, to the honourable the judge of the superior Court of law, for the county of Southampton, do most humbly certify, that it appears to us, from the records of July Court, 1811, that James Millar, Samuel Blunt, and Jacob Darden, gentlemen, were, by that Court, recommended as fit persons to execute the office of Sheriff of Southampton . county, for the ensuing year, and that that recommendation *was forwarded to the executive; and it also appears to the Court, from the testimony of Samuel • *774 Kello, clerk' of this Court, that, some time in the month of October, 1811, as he' believes, he received an envelope, directed to him, covering- a commission appointing the said James Millar sheriff, which he put and placed in his office, and was there kept in a conspicuous place for two months, from the date of the said commission; that áome time in December, two months having elapsed from the date of the said James Millar’s commission, he certified to the executive, the failure of the said James Millar to give bond and security according to law; that some time in the same month, December, he, the said Samuel Kello, received another envelope, directed to him, covering a commission appointing Samuel Blunt to be sheriff of this county, which said commission was dated the 23d day of December, 1811; that that commission was also kept in the office, in a conspicuous place, until the 17th of February, 1812, when James ^Rochelle, the deputy of t'he said Samuel Kello, informed him that James Millar had inquired if there was a commission appointing Samuel Blunt to be sheriff; and the said Samuel Kello directed him, the said James Rochelle, to deliver the said commission to him, the said Samuel Blunt; that on the 24th of the month of February, 1812, the said Samuel Kello certified the failure of him, the said Samuel Blunt, to give bond and security according to law; that it also appears to the Court, from the testimony of James Rochelle, deputy clerk of this county, that, on or about the 8th day of March, last past, James Millar handed to him, the said James Rochelle, an envelope, directed to the clerk of Southampton county Courts covering a second commission appointing him, the said James Millar, sheriff of this county, which commission was dated the 19th day of February, 1812; which said commission, the said James Rochelle, handed to the said James Millar. The Court, after hearing the foregoing testimony, and all the circumstances of the case, are of opinion, *that the second commission, appointing James Millar to be sheriff of this county, had been illegally and improvidently issued, and it is, therefore, void; and for the reasons foregoing, we have refused to admit the said James Millar to qualify as sheriff of -this county, .under the said second commission,” &c.
The superior Court of law adjudged the return insufficient, and awarded a peremptory mandamus; whereupon, the said justices, and Jacob Darden, the competitor for the sheriffalty, (who had appeared in-Court, and acknowledged service of the conditional writ,) prayed an appeal to this Court.
Thursday, the 7th of January, 1813, the president pronounced' the Court’s opinion, -“that the sheriff’s'commission to the ap-pellee, now the subject of controversy, was improvidently issued, and,' therefore, void; and, consequently, the mandamus aforesaid, was erroneously awarded.”
Judgment reversed, and the mandamus quashed.